UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                          CRIMINAL NO. 3:08-CR-170-DPJ-FKB

CASSANDRA FAYE THOMAS

ORDER

Defendant Cassandra Faye Thomas asks the Court to alter or amend its Orders [206, 210] denying the Motion to Vacate [195] she filed under 28 U.S.C. § 2255. But her latest collateral attack on the judgment does not suggest that the Court erred in rejecting the claims she first presented under § 2255. Instead, she raises eight new claims. Because these new claims constitute a second or successive application for habeas relief, the Court finds that it lacks jurisdiction to consider them until the Fifth Circuit grants Thomas leave to proceed. Thomas's Motion to Amend Judgment [216] is therefore denied without prejudice.

I.    Background

Thomas faced a ten-count indictment alleging, under various theories, that she billed Medicare for healthcare services that were not reimbursable. The jury found her guilty as charged, and the Fifth Circuit affirmed the conviction. On January 26, 2015, Thomas, through counsel, filed a Motion to Vacate. After several rounds of briefing, the Court denied the motion in separate orders entered November 8, 2016, and September 26, 2017. The Court then denied a certificate of appealability. *See* COA [211].

Thomas immediately appealed these rulings to the Fifth Circuit Court of Appeals, but she did not stop there. In addition, she filed a "Statement of Evidence" [213], an Amended

"Statement of Evidence" [214], and a similarly worded affidavit [215]. The Amended Statement of Evidence lists the following eight grounds for relief:

> (1) sentencing counsel did not explain that undisputed facts in the Presentence Investigative Report ("PSR") are considered stipulations;
>
> (2) sentencing counsel failed to dispute "false facts[,] conclusory statements[,] and errors of law in the PSR";
>
> (3) trial counsel failed to challenge "the fact that the court's jury charge was deficient by failing to properly instruct the jury regarding all elements of the alleged offenses";
>
> (4) trial, appellate, and habeas counsel failed to challenge the conspiracy instruction which gave only one object of the conspiracy whereas the indictment alleged two;
>
> (5) trial, appellate, and habeas counsel failed to inform her that "her sentence exceeds the highest *Apprendi* statutory maximum pursuant to 18 U.S.C. § 3559(a)(3) [and] 18 U.S.C. § 3581(b)(3)";
>
> (6) trial, appellate, and habeas counsel told her she was "charged with racketeering activities but [there was] NO mention of RICO in the jury instructions";
>
> (7) the 168 month sentence "exceeds the five (5) year statutory maximum"; and
>
> (8) trial, appellate, and habeas counsel failed to challenge defects in the indictment.

Def.'s Am. Statement of Evid. [214] at 1–2.

Thomas incorporated all of these grounds in the present Motion to Amend Judgment [216] while also arguing that (1) the Government's claims should have been handled in a civil action; and (2) the Court lacked subject-matter jurisdiction over the wire-fraud counts. *See* Def.'s Mot. [216] at 3. She concludes by asking that the judgment be amended or, alternatively, that the Court grant her a certificate of appealability. *Id.* at 3.

II.     Analysis

The threshold question is whether Thomas's Rule 59(e) motion to amend is actually a second or successive application for federal habeas relief under § 2255. *See United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013) (noting that Rule 59(e) motions may be re-

characterized as § 2255 motions). The distinction is significant. Second or successive habeas applications are governed by 28 U.S.C. § 2244 of the Antiterrorism and Effective Death Penalty Act. And under that statute, a defendant may not file a "second or successive application . . . in the district court" until she "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "Without authorization from the court of appeals, this Court lacks jurisdiction to consider successive section 2255 petitions, whether they are styled as such, or as a motion pursuant to Rule 59(e)." *United States v. Dowl*, No. 08-164, 2011 WL 4625306, at *2 (E.D. La. Oct. 3, 2011) (Vance, J.); *see also Crone v. Cockrell*, 324 F.3d 833, 836–38 (5th Cir. 2003).

The Supreme Court addressed the distinction between a motion to amend judgment and an application for federal habeas relief in *Gonzalez v. Crosby*, 545 U.S. 524 (2005).[1] According to the Court, "an 'application' for habeas relief is a filing that contains one or more "claims."" *Id.* at 530. And "a 'claim' as used in § 2244(b) is an asserted federal basis for relief." *Id.* So if a Rule 59(e) motion contains one or more claims, it is considered an application for habeas relief. *Id.*

> In most cases, determining whether a Rule [59(e)] motion advances one or more "claims" will be relatively simple. *A motion that seeks to add a new ground for relief . . . will of course qualify*. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule [59(e)] motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532 (emphasis added).

---

[1] Although *Gonzalez* addressed this issue under Rule 60(b) and 28 U.S.C. § 2254, the Fifth Circuit has ruled that it applies in the context of Rule 59(e) and § 2255. *See Brown*, 547 F. App'x at 641 (citing *Williams v. Thaler*, 602 F.3d 291, 312 (5th Cir. 2010)).

> Examples of motions attacking a defect in the integrity of the federal habeas proceedings include a claim of fraud on the court or challenges to a court's procedural ruling which precluded a merits determination, such as when a ruling is based on an alleged failure to exhaust, a procedural default, or a time-bar determination.

*Brown*, 547 F. App'x at 641 (citing *Gonzalez*, 545 U.S. at 532 nn.4–5). Similarly, an attack based on "habeas counsel's omissions"—something Thomas now asserts—"ordinarily does not go to the integrity of the proceedings." *Gonzalez*, 545 U.S. at 532 n.5.

Here, Thomas has not attacked a defect in the integrity of the federal habeas proceedings. She instead asserts substantive grounds for vacating her sentence, many of which are couched as claims for ineffective assistance of trial, appellate, and habeas counsel. All but one of those grounds are clearly new and therefore reflect "claims" under *Gonzalez*. *See In re Coleman*, 768 F.3d 367, 371–72 (5th Cir. 2014) (holding that habeas counsel's "failure to discover and present . . . evidence" in support or initial habeas petition "sounds in substance, not procedure" and was therefore properly construed "as a second or subsequent habeas application"). And to the extent there is any overlap between the present motion and the original § 2255 application, those grounds would likewise constitute "claims." *See Gonzalez*, 545 U.S. at 532 (holding that "claims" include grounds that "attack[] the federal court's resolution of a previous claim on the merits").[2]

---

[2] The only issue that arguably overlaps is Thomas's assertion that trial counsel failed to challenge "the fact that the court's jury charge was deficient by failing to properly instruct the jury regarding all elements of the alleged offenses." Def.'s Am. Statement of Evid. [214] at 1. In Thomas's original § 2255 motion, she argued that trial counsel failed to "request clear instructions on what was necessary to convict." Pet. [195] at 25. She later explained that counsel "failed to insure that the instructions required the jury to acquit if the government failed to prove beyond a reasonable doubt that she" lacked good faith. *Id.* at 25–26. Because Thomas fails to make a specific objection to the instructions in her present motion, it is impossible to know whether this ground overlaps with her original § 2255 petition. Either way, it constitutes a "claim." *Gonzalez*, 545 U.S. at 532.

Because Thomas's Rule 59(e) motion raises one or more claims, it must be viewed as a second or successive application for habeas relief. *Id.* And as such, this Court lacks jurisdiction to consider it until Thomas first seeks and obtains leave from the Fifth Circuit Court of Appeals as § 2244(b)(3)(A) requires.

As for Thomas's request that the Court grant a Certificate of Appealability, to the extent she asks the Court to amend its decision to deny a COA regarding her initial § 2255 motion, nothing in her motion addresses the substantive rulings on the initial motion. There is therefore no basis to reconsider the denial of a COA as to those rulings. If Thomas's request pertains to the entry of a COA related to her present motion, no reasonable jurist would conclude that the Court has jurisdiction over Thomas's second or successive application for habeas relief, so the request is denied.

III. Conclusion

For these reasons, the Court construes Thomas's "Motion to Amend Judgment Pursuant to FRCP 59(e)" [216] as a second or successive application for habeas relief. Because she has not obtained leave under 28 U.S.C. § 2244(b)(3)(A), the Court lacks jurisdiction to receive and consider it. The motion is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 3rd day of January, 2018.

                                                  s/ *Daniel P. Jordan III*
                                                  CHIEF UNITED STATES DISTRICT JUDGE